UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

JUSTIN ROGERS,
Plaintiff,

v.  No. _____

TENNESSEE VALLEY AUTHORITY and
TOWN OF LOUISVILLE,
Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 and the Federal Rules of Civil Procedure, Tennessee Valley Authority ("TVA") hereby submits for filing this Notice of Removal and respectfully shows as follows:

1. On May 28, 2021, Plaintiff Justin Rogers filed a Complaint in the Circuit Court for Blount County, Tennessee, naming TVA and the Town of Louisville as Defendants, Case No. L-20734. Plaintiff's complaint seeks to recover monetary damages for alleged personal injuries sustained in a slip and fall accident at the Poland Creek Recreation Area in Blount County, Tennessee. TVA was served with copies of a summons and the complaint on June 1, 2021.

2. TVA is an executive branch corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933 ("TVA Act"), 16 U.S.C. § 831 *et seq*. *See Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 157 (1978) ("[T]he Tennessee Valley Authority [is] a wholly owned public corporation of the United States . . . ."); *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 315 (1936) ("[T]he Tennessee Valley Authority [is] an agency of the federal government . . . ."); *Gillham v. Tenn. Valley Auth.*, 488 F. App'x 80, 81 (6th Cir. 2012) ("The TVA is a wholly-owned corporate agency and instrumentality of the

United States . . . ."); 16 U.S.C. § 831r (denoting TVA to be "an instrumentality and agency of the Government of the United States").

3. This action is removable to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of any civil action commenced against the United States or any agency thereof. *City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 & n.5 (6th Cir. 2007) ("[T]he text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1)[.]"); *see, e.g.*, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (observing that the right of removal created by 28 U.S.C. § 1442(a)(1) is "absolute").

4. This Court separately has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because a claim against a federal corporation created by an Act of Congress, such as the TVA Act, falls within the grant of federal question jurisdiction under § 1331. *See Jackson v. Tenn. Valley Auth.*, 462 F. Supp. 45, 55 (M.D. Tenn. 1979), *aff'd* 595 F.2d 1120, 1121 (6th Cir. 1979); *see also Wayne v Tenn. Valley Auth.,* 730 F.2d 392, 397 (5th Cir. 1984) (citing *Jackson*, 462 F. Supp. at 50).

5. This Court also has jurisdiction over this action under 28 U.S.C. § 1337 because the TVA Act represents an "Act of Congress regulating commerce." *Jackson,* 462 F. Supp. at 52, n.2, 55; *see also Ashwander*, 297 U.S. at 328-30 (holding the TVA Act to be a constitutional exercise of Congress's power under the Commerce Clause).

6. Because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, removal is proper under 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1).

8. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of TVA's receipt of the pleading setting forth the claim upon which this action is based.

9. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon [TVA in this] action" is attached hereto as Attachment 1.

10. In accordance with 28 U.S.C. § 1446(d), and as shown by the Certificate of Filing and Service attached hereto as Attachment 2, notice of the removal of this action was effected on June 25, 2021, by (1) mailing copies of this Notice of Removal and said Certificate to all parties, thereby notifying them of the filing of this Notice of Removal and the removal of this action; and (2) by causing copies of the Notice of Removal and said Certificate to be filed with the Clerk for the Circuit Court for Blount County, Tennessee.

Respectfully submitted,

s/Ibrahim M. Berro
David D. Ayliffe (TN BPR 024297)
Director, Litigation
James S. Chase (TN BPR 020578)
Ibrahim M. Berro (TN BPR 036731)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.7295
imberro@tva.gov

Attorneys for Tennessee Valley Authority

105583365