**LAW OFFICES OF**

# BANKS & JONES

2125 MIDDLEBROOK PIKE
KNOXVILLE, TN 37921-5855

**ATTORNEYS**
*T. SCOTT JONES
CHRIS W. BEAVERS
GENA LEWIS
LANDON M. HICKEY
DARLA M. WALKER
TAYLOR C. ERWIN
VICTORIA K. RAULERSON

**ADMINISTRATOR**
ANN H. LANE, LPI & PARALEGAL

TEL (865) 546-2141
FAX (865) 546-5777

WILLIAM R. BANKS (1928-2010)

OF COUNSEL
BRENT S. SNYDER
DIRECT TEL. 264-3328

SUSAN E. HAAS
DIRECT TEL. 406-2810

* T. SCOTT JONES
TENNESSEE SUPREME COURT RULE 31
LISTED GENERAL CIVIL MEDIATOR



May 28, 2021

Tennessee Valley Authority
David B. Fountain, General Counsel
400 W. Summit Hill
Knoxville, TN 37902
*VIA CERTIFIED MAIL:*
*7017 2680 0000 7644 9768*

Re: <u>Justin Rogers v. Tennessee Valley Authority and the Town of Louisville</u>
Blount County Circuit Court No. L-20734

Dear Mr. Fountain:

Relative to the above captioned matter, please find enclosed a copy of the Complaint, Summons, Requests for Admission, and Interrogatories and Requests for Production of Documents filed in the Circuit Court for Blount County.

Should you have any questions or concerns, or if I may be of any further assistance, please do not hesitate to contact me.

As always I remain,

Very truly yours,

Banks and Jones

T. Scott Jones

TCE
Enclosures: Complaint, Summons, Discovery

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR BLOUNT COUNTY

# SUMMONS

JUSTIN ROGERS,
  Plaintiff,
vs.

Civil Action No. L-20734

TENNESSEE VALLEY AUTHORITY and the TOWN OF LOUISVILLE,
  Defendants.

To the above named defendant (s):

You are hereby summoned and required to serve upon **T. Scott Jones**, plaintiff / plaintiff's attorney, whose address is **2125 Middlebrook Pike, Knoxville, TN 37921** an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and attested this the 28 day of May, 2021

Tom Hatcher, Clerk

Deputy Clerk

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

### SERVICE INFORMATION

To the process server: Defendant:    **TENNESSEE VALLEY AUTHORITY**

can be served at:    Tennessee Valley Authority
c/o David B. Fountain, General Counsel
400 W. Summit Hill
Knoxville, TN 37902

### RETURN

I received this summons on the ____ day of _____, _____.

I hereby certify and return that on the ____ day of _____, _____. I:

[ ] served this summons and complaint on the defendant _____ in the following manner:

_____

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____

| Process Server | Print Name | Address | Phone Number |

**DEFENDANTS COPY**

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial proceeding, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator (www.tncourts.gov)

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

Pat Carson, Compliance Officer
Knox County Human Resources Office
Suite 360, City-County Building
400 Main Street, Knoxville, Tennessee 37902
Voice Phone: (865) 215-2952      TTY: (865) 215-2497

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

Pamela Taylor, Manager/Coordinator
State Judicial ADA Program
Administrative Office of the Courts
Nashville City Center
Suite 600, 511 Union Street
Nashville, Tennessee 37219
Telephone: (615) 741-2687      FAX: (615)741-6285

The Tennessee Judicial Branch's Americans with Disabilities Act Policy regarding access to judicial program, as well as a Request for Modification form may be found online at www.tncourts.gov.

| | |
|---|---|
| JUSTIN ROGERS, | ) |
|       Plaintiff, | ) |
| vs. | ) Civil Action No. L-20734 |
| TENNESSEE VALLEY AUTHORITY and, | ) ***12-PERSON JURY*** |
| Serve: David B. Fountain, General Counsel | ) ***TRIAL DEMANDED*** |
|       400 W. Summit Hill | ) |
|       Knoxville, TN 37902 | ) |
| TOWN OF LOUISVILLE, | ) |
| Serve: Tom Bickers, Mayor | ) |
|       3623 Louisville Rd. | ) |
|       Louisville, TN 37777 | ) |
|       Defendants. | ) |

FILED MAY 28 2021
TOM HATCHER
CIRCUIT COURT CLERK

## COMPLAINT

Comes now the Plaintiff, Justin Rogers, by and through counsel, for his cause of action against the Defendants, Tennessee Valley Authority and the Town of Louisville, and would respectfully show unto this Honorable Court:

1. The Defendant, Tennessee Valley Authority, is a federal corporation which has an office located at the address captioned above and may be served with process at the same.

2. The Defendant, Town of Louisville, is an incorporated municipality of the State of Tennessee and may be served with process at the address captioned above.

3. At all times material herein, the Defendant, Tennessee Valley Authority, owned, operated, managed, maintained, and/or controlled the property located near the intersection of Lowes Ferry Road and Old Lowes Ferry Road known as Poland Creek Recreation Area.

4. At all times material herein, the Defendant, Town of Louisville, owned, operated, managed, maintained, and/or controlled the property located near the intersection of Lowes Ferry Road and Old Lowes Ferry Road known as Poland Creek Recreation Area.

5. At all times material herein, the Defendant, Town of Louisville, is classified as a political subdivision of the State of Tennessee as defined by the Tennessee Governmental Tort Liability Act, codified at Tenn. Code Ann. § 29-20-102(3).

6. Immunity from suit for the Defendant, Town of Louisville, is removed pursuant to Tenn. Code Ann. §§ 29-20-204 & 205.

7. Subject matter jurisdiction over this action is proper pursuant to Tenn. Code Ann. § 16-10-101 and the Tennessee Governmental Tort Liability Act, codified at Tenn. Code Ann. § 29-20-101 *et. seq.*

8. Venue for a trial in Blount County, Tennessee is proper part by virtue of Tenn. Code Ann. § 29-20-308.

9. On or about June 20, 2020, the Plaintiff, Justin Rogers, was a business invitee of the Defendants on the property located near the intersection of Lowes Ferry Road and Old Lowes Ferry Road known as Poland Creek Recreation Area.

10. While the Plaintiff, Justin Rogers, was walking the property at issue, he slipped due to the hazardous condition of a boat ramp, fell to the ground, and suffered injuries to his person.

11. The Defendant, Tennessee Valley Authority, through its agents, servants, and employees, was negligent in allowing the boat ramp to remain in a dangerous

condition such that it was dangerous to the public at large and to the Plaintiff, Justin Rogers, in particular.

12. The Defendant, Town of Louisville, through its agents, servants, and employees, was negligent in allowing the boat ramp to remain in a dangerous condition such that it was dangerous to the public at large and to the Plaintiff, Justin Rogers, in particular.

13. Prior to the accident at issue, the Defendants, through their agents, servants, and employees, knew or, through the exercise of reasonable diligence should have known, about the hazardous condition of the boat ramp.

14. The Defendants were negligent in failing to adequately warn the public at large and the Plaintiff, Justin Rogers, in particular, of the boat ramp's dangerous condition.

15. At no time material herein was the Plaintiff, Justin Rogers, guilty of any negligence in his conduct or actions.

16. As a direct consequence of the Defendant's negligence, the Plaintiff, Justin Rogers, suffered injuries to his person, experienced great pain of mind and body, and incurred expenses for his medical care.

WHEREFORE, the Plaintiff, Justin Rogers, demands judgment against the Defendants, Tennessee Valley Authority and the Town of Louisville, in the amount of **SIX HUNDRED FIFTY THOUSAND ($650,000.00) DOLLARS and no/100 cents**.

*** The Plaintiff demands a jury try this action.***

3

Case 3:21-cv-00232   Document 1-1   Filed 06/25/21   Page 6 of 16   PageID #: 9

Respectfully submitted, this the 28th day of May, 2021.

_____
T. SCOTT JONES, BPR #014628
CHRIS W. BEAVERS, BPR #025259
Attorneys for the Plaintiff
BANKS & JONES
2125 Middlebrook Pike
Knoxville, Tennessee 37921
(865) 546-2141
tscottjones@banksandjones.com
chrisbeavers@banksandjones.com

## COST BOND

We, the undersigned, do hereby acknowledge ourselves as surety for all of the costs of this cause.

This the 28th day of May, 2021.

Justin Rogers, Principal

By: _____
T. Scott Jones, Attorney
BANKS & JONES, Surety

_____
T. Scott Jones, Attorney

4

IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE

**FILED**
MAY 28 2021
TOM HATCHER
CIRCUIT COURT CLERK

| | |
|---|---|
| JUSTIN ROGERS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. L-20134 |
| TENNESSEE VALLEY AUTHORITY and, | ) |
| TOWN OF LOUISVILLE, | ) |
| Defendants. | ) |

PLAINTIFFS' REQUEST FOR ADMISSIONS OF FACT

Comes now the Plaintiff, Justin Rogers, by and through counsel, pursuant to Rule 36 of the Tennessee Rules of Civil Procedure, and request that the Defendants, Tennessee Valley Authority and the Town of Louisville, admit the truth of the following relevant matters within thirty (30) days after the service of this request.

1. The Defendant, Tennessee Valley Authority, is a federal corporation which has an office located at the address captioned above and may be served with process at the same.

2. The Defendant, Town of Louisville, is an incorporated municipality of the State of Tennessee and may be served with process at the address captioned above.

3. At all times material herein, the Defendant, Tennessee Valley Authority, owned, operated, managed, maintained, and/or controlled the property located near the intersection of Lowes Ferry Road and Old Lowes Ferry Road known as Poland Creek Recreation Area.

4. At all times material herein, the Defendant, Town of Louisville, owned, operated, managed, maintained, and/or controlled the property located near the intersection

of Lowes Ferry Road and Old Lowes Ferry Road known as Poland Creek Recreation Area.

5. The Defendant, Town of Louisville, is classified as a political subdivision of the State of Tennessee as defined by the Tennessee Governmental Tort Liability Act, codified at Tenn. Code Ann. § 29-20-102(3).

6. Immunity from suit for the Defendant, Town of Louisville, is removed pursuant to Tenn. Code Ann. §§ 29-20-204 & 205.

7. Subject matter jurisdiction over this action is proper pursuant to Tenn. Code Ann. § 16-10-101 and the Tennessee Governmental Tort Liability Act, codified at Tenn. Code Ann. § 29-20-101 *et. seq.*

8. Venue for a trial in Blount County, Tennessee is proper in part by virtue of Tenn. Code Ann. § 29-20-308.

9. On or about June 20, 2020, the Plaintiff, Justin Rogers, was a business invitee of the Defendants on the property located near the intersection of Lowes Ferry Road and Old Lowes Ferry Road known as Poland Creek Recreation Area.

10. While the Plaintiff, Justin Rogers, was walking the property at issue, he slipped due to the hazardous condition of a boat ramp, fell to the ground, and suffered injuries to his person.

11. The Defendant, Tennessee Valley Authority, through its agents, servants, and employees, was negligent in allowing the boat ramp to remain in a dangerous condition such that it was dangerous to the public at large and to the Plaintiff, Justin Rogers, in particular.

12. The Defendant, Town of Louisville, through its agents, servants, and employees, was negligent in allowing the boat ramp to remain in a dangerous condition such that it was dangerous to the public at large and to the Plaintiff, Justin Rogers, in particular.

13. Prior to the accident at issue, the Defendants, through their agents, servants, and employees, knew or, through the exercise of reasonable diligence should have known, about the hazardous condition of the boat ramp.

14. The Defendants were negligent in failing to adequately warn the public at large and the Plaintiff, Justin Rogers, in particular, of the boat ramp's dangerous condition.

15. At no time material herein was the Plaintiff, Justin Rogers, guilty of any negligence in his conduct or actions.

16. As a direct consequence of the Defendant's negligence, the Plaintiff, Justin Rogers, suffered injuries to his person, experienced great pain of mind and body, and incurred expenses for his medical care.

17. The medical expenses of the Plaintiff, Ronald Tipton, were necessary and reasonable.

Respectfully submitted this the 28th day of May, 2021.

T. SCOTT JONES, BPR #014628
CHRIS W. BEAVERS, BPR #025259
Attorneys for the Plaintiff
BANKS & JONES
2125 Middlebrook Pike
Knoxville, Tennessee 37921
(865) 546-2141
tscottjones@banksandjones.com
chrisbeavers@banksandjones.com

3

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing pleading or document has been delivered upon

Tennessee Valley Authority
c/o David B. Fountain, General Counsel
400 W. Summit Hill
Knoxville, TN 37902

Town of Louisville
c/o Tom Bickers, Mayor
3626 Louisville Road
Louisville, TN 37777

Delivery by U.S. Mail sent to said office, postage prepaid or by hand delivery.

      This the 28th day of _____May_____, 2021,

_____
T. Scott Jones
Chris W. Beavers
Banks & Jones
2125 Middlebrook Pike
Knoxville, Tn. 37921
(865) 546-2141

JUSTIN ROGERS, )
                         )
        Plaintiff, )
vs. ) Civil Action No. L-20734
                         )
TENNESSEE VALLEY AUTHORITY and, )
                         )
TOWN OF LOUISVILLE, )
                         )
        Defendants. )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

      The Plaintiff, by and through counsel, requests that the following Interrogatories be answered by the Defendants under oath in accordance with Rule 33 of the Tennessee Rules of Civil Procedure. Further, plaintiff requests that defendant produce the documents listed below, pursuant to Rule 34 of the Tennessee Rules of Civil Procedure.

      A.     When used in these Interrogatories, the term Defendants or any synonym thereof is intended to and shall embrace and include, in addition to the Defendants, all agents, servants, representatives, private investigators, and others who are in a position of trust or may have obtained information for or on behalf of the Defendants.

      B.     These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and trial.

      C.     The word "DOCUMENT" means handwriting, typewriting, printing, photographs, and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, symbols, or any combination thereof.

      D.     The term "BUSINESS RECORDS" means all documents (as above defined) of any nature whatsoever relating in any manner to the subject matter of this litigation, but not limited to, all reports, notes, publications, records, and other writings from said Defendants, or any of its subsidiaries, and other institutions.

      E.     The words "YOU" and "YOUR" includes you, your agents, your employees, your attorneys, your accountants, your investigators, and anyone acting on your behalf.

3. With respect to each person identified in your Answer to Interrogatory No. 2, please state or give the following:

(a) Whether the person was an eyewitness to the accident;

(b) Whether such person has rendered an oral or written statement concerning the accident, and if so, designate which type, and identify each and every written statement from such person;

(c) Whether the person was employed at the time of the accident and if so, identify that person's employer;

(d) Whether that person is presently employed, and if so, identify the present employer of that person; and

(e) A brief summary of the knowledge each such person has or claims to have regarding the accident.

ANSWER:

4. With respect to any oral statements identified in your Answer to Interrogatory No. 3(b), please state whether any such oral statement was recorded, and if so, please identify or state:

(a) The person, including his or her address and telephone number, making the oral statement;

(b) The person, including his or her address and telephone number, recording the oral statements;

(c) The date and place the oral statement was recorded;

(d) The type of recording instrument or apparatus used in recording the oral statement;

(e) The employer of the person recording the oral statement; and

(f) Whether the recording of the oral statement was transcribed, and if so, identify the person that transcribed the oral statement.

ANSWER:

5. With respect to any written statement identified in your Answer to Interrogatory No. 3(b), please identify the following:

(a) The person, including his or her address and telephone number, who gave such written statement;

3

(b) The person, including his or her address and telephone number, who took such written statements;

(c) The date and place where the written statement was taken;

(d) The employer, including its address and telephone number, of the person taking such written statement; and

(e) All persons, including their addresses and telephone numbers, who were provided a copy of such written statement.

ANSWER:

6. Did you make any investigations or reports concerning the accident, and if so, please identify each and every such investigation or report, and include the following:

(a) The date and subject matter of the investigation or report;

(b) The identity, including the address and telephone number, of the person making such investigation or report;

(c) The purpose of the investigation or report; and

(d) If reduced to writing, please identify the documents embodying such investigation or report, and identify the person preparing that document.

ANSWER:

7. Please identify each and every piece of photographic or video evidence you are in possession of that relates to:

(a) The accident at issue,

(b) The condition of the Defendant's store at the time immediately before or after the accident, and

(c) The Plaintiff's conduct in the Defendant's store at any time of the day of the accident at issue.

ANSWER:

8. Please identify, including the address and telephone number, of each and every person you plan to call as a witness at the trial of this case.

ANSWER:

4

9. Identify any procedures which you followed, at and before the time of the incident in question, concerning the inspection, repair and cleaning of the area where Plaintiff's injuries occurred.

ANSWER:

10. Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the incident complained of in this lawsuit which also occurred at the school in question.

ANSWER:

11. Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to the public, in general, before the accident concerning the condition which caused or contributed to the incident complained of in this lawsuit.

ANSWER:

12. Please identify each and every person you have consulted and expect to call as an expert witness at the trial of this case and with respect to each of those persons, please state the following:

    (a) The subject matter of which the expert is expected to testify; and
    (b) The substance of the facts and opinions to which the expert is expected to testify;
    (c) A summary of the grounds for each opinion of the expert.

ANSWER:

13. Please state the written or unwritten policy of the defendant regarding the maintenance of floors and associated safety requirements, and, if in writing, please attach a copy of any training manuals, employee handbooks, memoranda, or any other tangible writing containing said written policy.

ANSWER:

14. Please produce all documents identified in the defendant's Responses to Interrogatories set forth above.

ANSWER:

Respectfully submitted this the 28th day of May, 2021.

_____
T. SCOTT JONES, BPR #014628
CHRIS W. BEAVERS, BPR #025259
Attorneys for the Plaintiff
BANKS & JONES
2125 Middlebrook Pike
Knoxville, Tennessee 37921
(865) 546-2141
tscottjones@banksandjones.com
chrisbeavers@banksandjones.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing pleading or document has been delivered upon

Tennessee Valley Authority
c/o David B. Fountain, General Counsel
400 W. Summit Hill
Knoxville, TN 37902

Town of Louisville
c/o Tom Bickers, Mayor
3626 Louisville Road
Louisville, TN 37777

Delivery by U.S. Mail sent to said office, postage prepaid or by hand delivery.

This the 26th day of May, 2021.

_____
T. Scott Jones
Chris W. Beavers
Banks & Jones
2125 Middlebrook Pike
Knoxville, Tn. 37921
(865) 546-2141

6